UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALBERTO ACEVEDO, :
               CIVIL ACTION NO. 3:23-0889
    Plaintiff :
               (JUDGE MANNION)
  v. :

A.M. WALTER, :

    Defendant :

**MEMORANDUM**

**I. Background**

Plaintiff, Alberto Acevedo, an inmate confined in the State Correctional Institution, Frackville, Pennsylvania filed the above captioned civil rights action pursuant to 42 U.S.C. §1983 (Doc. 1). The sole named Defendant is Correctional Officer A.M. Walter. Id. Plaintiff complains that Officer Walter told another inmate that Plaintiff had that inmate put under investigation for having a weapon in the prison. Id. Plaintiff claims that Officer Walter put Plaintiff in danger by labeling him a snitch. Id.

By Order dated July 19, 2023, Plaintiff's motion for leave to proceed *in forma pauperis* was granted and service of process was effectuated. (Doc. 10).

On September 18, 2023, Defendants Walter filed a motion to dismiss Plaintiff's complaint. (Doc. 14). On September 26, 2023, Defendant Walter filed a motion for enlargement of time to file a brief in support of his motion.

(Doc. 15). By Order dated November 8, 2023, this Court granted Walter's motion for enlargement of time and accepted Walter's brief in support as timely filed. (Doc. 17). On November 21, 2023, this Court's Order was returned to the Court marked "return to sender" and "not deliverable as addressed", noting that it was "unable to [be] forward[ed]" as Plaintiff had been released on September 21, 2023. (Doc. 18). A search of the inmate locator revealed that Plaintiff is no longer in custody. See https://inmatelocator.cor.pa.gov/#/Result. Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. DISCUSSION

On May 31, 2023, Plaintiff was provided with this Court's Instructions for Filing a Complaint by a *Pro Se* Plaintiff. (Doc. 3-2). It informed Plaintiff of the following with regard to a change of address notice:

> Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

Id. Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

Plaintiff's last communication with this Court was the filing of his June 8, 2023, motion for leave to proceed *in forma pauperis*. (Doc. 5). Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

## III. Conclusion

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate order shall issue.

*signature*

**MALACHY E. MANNION**
**United States District Judge**

**Date: November 29, 2023**
23-0889-01